UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD LYNTON ADAMS,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Officially as Acting Commissioner of the Social Security Administration,<br><br>         Defendant. | Case No.: 19-CV-335 JLS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 2) |

   Presently before the Court is Plaintiff Lloyd Lynton Adams' Motion for Leave to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Plaintiff, proceeding through counsel, has submitted a complaint for judicial review of a decision of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). ECF No. 1.

**MOTION TO PROCEED IFP**

   All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a).[1] An action may still proceed without the prepayment of fees

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

if a party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that he "live[s] at a shelter as part of a program called Connections Housing through the People Assisting the Homeless (PATH) organization," where he has lived since February 2013. Mot. at 2. He receives early retirement Social Security Administration benefits of $230.00 per month, General Relief of approximately $100.00 per month, and $192.00 per month in food stamps. *Id.* He has not been employed during the past twelve months and has no cash or bank account. *Id.* He does not own any real estate or other investments and does not own a vehicle. *Id.* He has no relatives to assist him. *Id.* Mr. Adams pre-pays $40.00 per month for a cell phone. *Id.* He has not purchased clothes for himself in over five years. *Id.* Taken at face value, Plaintiff's application demonstrates that he is unable to pay the requisite fees. Accordingly, the Court **GRANTS** Plaintiff's Motion.

## INITIAL SCREENING

Notwithstanding IFP status, the Court must subject every civil action brought pursuant to 28 U.S.C. § 1915(a) to a mandatory screening.

Prior to the enactment of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(d) (now § 1915(e)) "did not authorize district courts to dismiss, *sua sponte*, a complaint for failure to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1126 (emphasis added) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). Now, however, a court shall dismiss a case *sua sponte* if it finds that "the allegation of poverty is untrue" or the action: (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28

---

June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

U.S.C. § 1915(e)(2); *see also Lopez*, 203 F.3d at 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the Court to dismiss an IFP complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

In this case, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income under Title XVI and Social Security Disability Insurance under Title II. ECF No. 1 ("Compl.") ¶ 1. The Court finds that Plaintiff's claim is sufficiently pleaded to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Buttimer v. Colvin*, No. 15-CV-856 JLS (BGS), 2015 U.S. Dist. LEXIS 51776, at *3 (S.D. Cal. Apr. 20, 2015) (citing *Rhett v. Disman*, 228 Fed. App'x 225, 227 (3d Cir. 2007) (stating that "seeking review of the denial of supplemental social security disability benefits" will satisfy the requirements for a cognizable claim)).

Therefore, Plaintiff is entitled to U.S. Marshal Service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion pursuant to § 1915(a) (ECF No. 2).

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of the Complaint and summons, so that he may serve Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and return it to the United States Marshal according to the instructions provided by the Clerk in a letter accompanying the IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5. **ORDERS** Plaintiff to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant's counsel or Defendant and the date of service. Any paper received by a district judge or magistrate judge which

/ / /

/ / /

has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

Dated: February 19, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge