1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 SOUTHERN DISTRICT OF CALIFORNIA

8

9 LLOYD LYNTON ADAMS, | Case No.: 19cv335-BLM

10 Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR**

11 v. | **ATTORNEYS' FEES**

12 ANDREW SAUL, Commissioner of the Social Security Administration, | **[ECF No. 24]**

13

14 Defendant.

15

16    On December 11, 2019, Plaintiff Lloyd Lynton Adams filed a Motion for Attorneys' Fees

17 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 24-1 ("Pl.'s Mot.").

18 Defendant filed an opposition to the motion on January 17, 2020 [ECF No. 26 ("Def.'s Opp.")]

19 and Plaintiff filed his reply on January 24, 2020 [ECF No. 27 ("Pl.'s Reply")].  After reviewing the

20 parties' submissions, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion.

21                                   **BACKGROUND**

22    On February 15, 2019, Plaintiff commenced the present action, seeking judicial review of

23 the Commissioner's denial of his application for Social Security Income and Social Security

24 Disability Insurance benefits.  ECF No. 1.  On September 11, 2019, the parties filed a Joint

25 Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).  ECF No. 21.

26 This Court granted the parties' joint motion and the case was remanded to the Social Security

27 Administration ("SSA").  ECF No 23.

28    While the parties agree that Plaintiff is entitled to reasonable attorneys' fees, they

1

disagree as to the amount of fees that are reasonable. Initially, Plaintiff requested fees totaling $24,019.80 for 117.6 hours expended in litigation before the District Court. Pl.'s Mot. at 6. Defendant opposed this request on the ground that it was unreasonable and asserted "that this Court should award no more than $8,578.50 in EAJA fees." Def.'s Opp. at 2, 6. In his reply, Plaintiff amended his request stating that, while "Plaintiff's counsel rejects the Commissioner's assertions that the hours expended were unreasonable," Plaintiff is willing to reduce the number of requested hours from 117.6 to 69.3 hours. See Pl.'s Reply at 1-2 (Plaintiff requests 60 hours for the original complaint and motion for summary judgment filed before this Court as well as 9.3 hours for the preparation of the EAJA motion and reply brief).

## **DISCUSSION**

An award of attorneys' fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.1998) (stating that the district court should apply the same standard established in Hensley to determine whether a request for attorneys' fees under the EAJA is reasonable). "The district court has a great deal of discretion in determining the reasonableness of" attorneys' fees, including "the reasonableness of the hours claimed by the prevailing party." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992) (citations omitted). If the court awards attorneys' fees, it must "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. The party seeking attorneys' fees bears the burden of demonstrating that the requested fees are reasonable. Id. at 434.

A.    Applicable Rate

The EAJA states that awarded fees "shall be based upon prevailing market rates for the kind and quality of the services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). However, a court may not award attorneys' fees in excess of $125 per hour absent a determination that higher fees

2

are justified due to an increase in cost of living or that a special factor[1] applies. Id. The Ninth

Circuit provides a list of the applicable statutory maximum hourly rates, adjusted for increases

in the cost of living, under the EAJA.[2]

As an exhibit to his initial motion, Plaintiff filed a printout of the Ninth Circuit's website

listing of the EAJA rates. See ECF No. 24-4. At the time that Plaintiff visited the website, which

was on October 18, 2019, the listed rate was $204.25 for the first half of 2019. Id. Defendant

refers to this rate in his opposition and uses it to calculate the total amount owed to Plaintiff in

attorneys' fees. Def.'s Opp. at 6. The Ninth Circuit updated this rate and the current rate for

2019 is $205.25. See EAJA Rates. In his reply, Plaintiff uses this newly listed rate to calculate

the total amount of attorneys' fees owed to his counsel. See Pl.'s Reply at 8. The Court finds

the Ninth Circuit's 2019 EAJA hourly rate of $205.25 to be reasonable and applies it to the

requested fees.

B.   Billed Hours

A plaintiff may recover attorneys' fees under the EAJA for hours "reasonably expended

on the litigation." Hensley, 461 U.S. at 433. "Where a plaintiff has obtained excellent results,

his attorney should recover a fully compensatory fee." Id. at 435. "'Hours that are not properly

billed to one's client also are not properly billed to one's adversary pursuant to statutory

authority.'" Id. at 434 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en

banc)) (emphasis in original). Hours that are excessive, redundant, or otherwise unnecessary

should be excluded. Id.

The Ninth Circuit has held that it is "an abuse of discretion to apply a de facto policy

limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases."

Costa v. Comm. of Soc. Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012). Instead, courts

---

[1] An example of a special factor is the "limited availability of qualified attorneys for the proceedings involved." Id.

[2] See Statutory Maximum Rate Under the Equal Access to Justice Act, U.S. Cts. for the Ninth Circuit, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited February 4, 2020) ("EAJA Rates").

3

1  should consider factors such as the complexity of legal issues, the procedural history, the size

2  of the record, and when counsel was retained for each case.  Id.

3  　　　In the instant case, Plaintiff seeks to recover fees for 60 hours of work performed to

4  successfully litigate this case – 5 hours to draft the complaint, 20 hours to review the

5  administrative record ("AR"), and 35 hours to prepare the MSJ.  Pl.'s Reply at 2, 6-8.  Plaintiff

6  also seeks to recover fees for 4.5 hours spent preparing the motion for attorneys' fees and 4.8

7  hours preparing the reply.  Id. at 2, 8.  Defendant argues that the fees are unreasonable and

8  should be reduced because the hours billed for the work performed are excessive, duplicative,

9  and unwarranted.  See Def.'s Opp.

10  　　　　*i.  The Complaint*

11  　　　Plaintiff's counsel, Attorney Tamra Lett, Attorney Nichole Mendoza, and Attorney James

12  Zhang collectively billed 10.2 hours[3] to draft and file the complaint.  See ECF No. 24-3 ("Pl.'s

13  Hrs") at 1-2.  Of these, 2.8 hours were spent by Attorney Zhang to draft the initial document

14  and 4.9 hours were spent by Attorneys Lett and Mendoza to edit the complaint, prepare it for

15  filing, and submit it to the Court.  Id.  Though Plaintiff agreed to reduce the total claimed hours

16  for the complaint by 5.2 hours, the Court finds that the requested 5.0 hours to draft and file the

17  complaint still is unreasonable.

18  　　　The complaint in this case is seven pages long and asserts a single cause of action.  ECF

19  No. 1.  Five of the seven pages set forth basic jurisdictional, procedural, and legal statements.

20  Id. at 1-3, 6-7.  The remaining two plus pages summarize facts and conclusions from the ALJ's

21  decision.  Id. at 4-6.  The complaint describes a simple procedural history and does not contain

22  any legal analysis or description of a complex legal issue.  Id. at 1-7.  As such, it was

23  unreasonable for Plaintiff's counsel to spend 10 or even 5 hours drafting it.  Given the lack of

24  complexity, the Court finds that two hours is a reasonable amount of time to prepare and file

25

26  [3] Of the 10.2 hours, Attorney Lett billed 3 hours (1.00 hours on February 13, 2019 and 2.00
27  hours on February 15, 2019), Attorney Mendoza billed 4.2 hours (1.3 hours on February 6,
   2019 and 2.9 hours on February 8, 2019), and Attorney Zhang billed 3 hours on February 13,
28  2019.

the complaint in this case.  See Tam Phan Nguyen v. Berryhill, No. 17CV1406-MMA-NLS, 2018 WL 6504150, at *4 (S.D. Cal. Dec. 11, 2018) (allowing 3 hours to be billed for preparing and drafting the complaint where the attorney thoroughly researched case law regarding the plaintiff's case); see Kirk v. Berryhill, 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) (allowing 1 hour to be billed for preparing documents for representation, drafting and filing the complaint, and filing consent to proceed before a magistrate judge); see Duarte v. Aetna Life Ins. Co., No. 8:15-CV-594-JLS-RNBX, 2016 WL 11505593, at *5 (C.D. Cal. Sept. 29, 2016) (allowing 1.3 hours to be billed for drafting and editing the complaint).

### ii.  Review of the Administrative Record

Attorney Zhang spent 37.3 hours[4] to review and "breakdown" the AR in preparation for the motion for summary judgment ("MSJ").  Pl.'s Hrs at 3-5.  To support the request for so many hours, Plaintiff submitted Attorney Zhang's 23-page list of "the pertinent facts of every page of the record, with a detailed breakdown of every objective medical finding in the medical records[.]"  See ECF No. 27-3 ("Exhibit C").  In the first 10 pages, Attorney Zhang copied and pasted statements from the ALJ's Notice of Unfavorable Decision that was sent to Plaintiff.  Id. at 2-11.  Attorney Zhang then devoted the next 6 pages to summarizing the transcripts of the ALJ hearings held on August 29, 2017 and September 8, 2014.  Id. at 11-17.  Finally, the remaining 7.5 pages of the list consisted of brief summaries of Plaintiff's medical records beginning on page 568 and ending on page 891 of the AR.  Id. at 17-24.  Plaintiff argues in his moving papers that the claimed hours are "reasonable given the size of the administrative record and the complexity of the litigation in district court."  Pl.'s Mot. at 5.

Defendant argues that the amount of time spent reviewing the AR was unreasonable because the same lawyer represented Plaintiff at the administrative hearing and in the litigation before this Court and because much of the review was done after Plaintiff filed his MSJ.  Def.'s

---

[4] Of these hours, Attorney Zhang billed 4.9 hours on May 28, 2019, 5.1 hours on May 30, 2019, 4.4 hours on May 31, 2019, 4.7 hours on June 13, 2019, 3 hours on June 21, 2019, 4.1 hours on July 3, 2019, 3.8 hours on July 10, 2019, 2.9 hours on July 15, 2019, 2.5 hours on July 16, 2019, and 1.9 hours on July 19, 2019.  Id.

Opp. at 4.  Plaintiff responds to the first argument by asserting that Attorney Zhang, who reviewed the AR, did not represent Plaintiff during the administrative hearing.  Pl.'s Reply at 5-6.  While Mr. Zhang did not represent Plaintiff during the administrative hearings, his law firm, Legal Aid Society of San Diego, Inc. ("LASSDI"), did.  AR at 43-45, 100-102.  Plaintiff has not stated which LASSDI attorneys worked on Plaintiff's case during the administrative proceedings (see Pl.'s Mot. and Pl.'s Reply) but the AR indicates that LASSDI represented Plaintiff beginning in at least 2013, at both administrative hearings, and at the time the ALJ decisions were issued and challenged.  AR at 40, 42-45, 100-02, 207, 210, 237, 295, 301.  In addition, the AR indicates that attorney Nicole Mendoza was appointed to represent Plaintiff on September 8, 2014, represented Plaintiff during the 2014 administrative hearing, received correspondence through 2016, and was reappointed on December 19, 2017.  Id. at 40, 100-102, 210, 231-32, 295, 323.  Attorney Mendoza was one of the names listed on Plaintiff's complaint in this matter and Bridget Homer identifies Nicole Mendoza as "Lead Attorney."  ECF Nos. 1, 24-2 at 2.  Given the extensive representation by LASSDI and by Ms. Mendoza, the Court finds that Plaintiff's argument that Mr. Zhang needed extended time to review the AR because he was unfamiliar with the case to be without merit.  As members of the same firm, Ms. Mendoza should have provided guidance to Mr. Zhang regarding the relevant legal issues and factual support, should have directed him to the relevant doctors and portions of the AR, and should have instructed him to provide a summary tailored to the case and issues rather than an overly detailed summary of the AR.  As such, the Court finds the hours expended by Mr. Zhang to review the AR to be excessive, duplicative and unreasonable.

Plaintiff does not address Defendant's second argument that the 18.2 hours expended by Attorney Zhang to "breakdown" the AR after the MSJ was filed was unreasonable.  See Pl.'s Reply.  While it is not unreasonable for a party to begin to prepare to address an opposition before the opposition is filed, the Court finds that it was unreasonable for Attorney Zhang to spend 18 hours "breaking down" the AR, especially since he already spent 19 hours reviewing the AR.  The Court finds that the level of detail and scope of review contained in Mr. Zhang's summary document, as well as the creation of the summary document, was not reasonable in

19cv335-BLM

1   light of the MSJ that was filed.

2          Plaintiff contends that the requested hours are reasonable based on the Ninth Circuit's

3   holding in Kirk v. Berryhill, 244 F.Supp.3d at 1082-83.  The court in Kirk held that 39.1 hours

4   were reasonable for the preparation of an MSJ due to the length of the AR (1071 pages) and

5   the MSJ (40 pages).  Id. at 1083.  The court stated that while counsel billed more hours than is

6   "typically expended in social security cases," this was reasonable due to the fact that "counsel

7   did not represent plaintiff at the administrative level and had to become familiar with the case."

8   Id.  Here, in addition to the fact that there was continuity of counsel, this case is distinguishable

9   because Plaintiff's counsel spent 37.3 hours reviewing the administrative record and another 52

10  hours preparing the MSJ.  Pl.'s Hours 3-5.  In contrast, the Kirk administrative record was over

11  100 pages longer than in Plaintiff's case, the MSJ was 10 pages longer, and the 39.1 hours

12  requested by counsel included the time it took to review the AR and draft the MSJ.  Kirk, 244

13  F.Supp.3d at 1082.

14         A court has an independent duty to review the evidence to determine the reasonableness

15  of the hours requested in each case.  Hensley, 461 U.S. at 433, 436-47.  For the reasons set

16  forth above, the Court finds that the 37 hours expended by Mr. Zhang, as well as the 20 hours

17  suggested by Plaintiff in his reply, are unreasonable to review the AR in this case.  Mr. Zhang

18  and LASSDI were not efficient and effective in the review of the AR and the Court declines to

19  order Defendant to pay for the decision to have a less experienced attorney review the record

20  without any guidance from the firm's attorneys who knew the facts and law of this case, as well

21  as general social security litigation.  The Court finds that a reasonable amount of time to review

22  the AR in this case is 15 hours.

23                  iii.  The Motion for Summary Judgment

24         Attorneys Mendoza and Zhang collectively billed 52.2 hours for drafting, reviewing, and

25  revising the MSJ.  Pl.'s Hours at 2, 4.  Attorney Zhang spent 35.6 hours drafting the majority of

26  the MSJ, while Attorney Mendoza billed 16.6 hours to pare down Attorney Zhang's draft from 38

27  pages to 25 and complete the table of contents and table of authorities.  Id. at 2-4.  Attorney

28  Zhang billed another 2 hours for receiving the MSJ assignment, reviewing the briefing schedule,

7

and meeting with Attorney Mendoza to discuss deadlines and edits. Id. at 3-4. In total, 11 pages of the 25-page MSJ submitted by Plaintiff consist of the introduction, procedural history, summary of the ALJ findings and administrative record, standard of review, and conclusion. See Plaintiff's Motion for Summary Judgment ("Pl.'s MSJ") ECF No. 14 at 6-16, 30. The remaining 14 pages contain Plaintiff's three legal arguments: 1) the ALJ erred by crafting a Residual Functional Capacity that is not supported by substantial evidence; 2) the ALJ improperly discredited the opinions of Plaintiff's treating physician; and 3) the ALJ erred when he failed to find that Plaintiff's impairments equaled Listing 11.02 (Epilepsy). See Pl.'s MSJ. These three legal arguments are neither complex nor unique. On the other hand, Plaintiff's motion was extremely successful as it resulted in Defendant agreeing to remand the case for further consideration by an ALJ. See Hensley, 416 U.S. at 434 (stating that the district court may adjust a fee award upward or downward based on the "results obtained"); see Gould v. Berryhill, No. 07-CV-1039-LAB-WMC, 2017 WL 3020928, at *2 (S.D. Cal. July 17, 2017) (granting a fee award for hours billed by counsel for review of the record and preparation of the successful MSJ which resulted in the case being remanded by the Commissioner)

Defendant asserts that Plaintiff should be limited to 30 hours for preparation of the MSJ and that the amount of time actually spent by Plaintiff's counsel was unreasonable. Def.'s Opp. at 5. In his reply, Plaintiff asserts that the actual time spent by counsel was reasonable but agrees to reduce his request to 35 hours. Pl.'s Reply at 7-8. After reviewing the MSJ filed by Plaintiff and considering the number and complexity of the issues, the size of the record as well the medical issues contained therein, and the success of the motion, the Court agrees with Plaintiff's reduced request and finds that 35 hours to draft the MSJ was reasonable[5]. See

---

[5] While the Court is approving the requested time, the Court is concerned that Attorney Mendoza billed in her time in "block-billing format" as there is a single entry for 16.6 hours on June 17, 2019. Pl.'s Hours at 2. A court may reduce a fee award to a reasonable amount when an attorney submits billing entries in "blocks" and the "documentation of hours is inadequate." Hensley, 416 U.S. at 433; see Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (stating that while counsel is not required to record in detail each minute of her time expended, she just barely meets her burden by "simply listing her hours" and identifying the general descriptions of her time expenditures); see also Welch v. Metropolitan Life Ins.

1  <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1115 (9th Cir. 2008) (a court's "inquiry must be

2  limited to determining whether the fees requested by this particular legal team are justified for

3  the particular work performed and the results achieved in this particular case."); <u>see also</u>

4  <u>Hensley</u>, 416 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should

5  recover a fully compensatory fee.").

6                        *iv.  The EAJA Motion and Reply*

7         Plaintiff requests 4.5 hours for the time spent on the EAJA motion and an additional 4.8

8  hours for time spent on the reply to Defendant's opposition to the motion.  Pl.'s Reply at 8.

9  Defendant does not assert any arguments against Plaintiff's billing entries for drafting of the

10 EAJA motion.  <u>See</u> Def.'s Opp.  Reasonable time spent in preparing an EAJA fee motion is

11 compensable.  <u>Atkins</u>, 154 F.3d at 989.  Pursuant to the Southern District's Civil Local Rules,

12 counsel must support their requested fees with an itemized list of the costs claimed and must

13 also file "an affidavit of counsel that the costs claimed are allowable by law, are correctly stated,

14 and were necessarily incurred."  Civil L. R. 54.1(a).  Though Plaintiff filed an itemized list of

15 requested hours and a sworn declaration by Attorney Bridget Homer with his initial EAJA motion,

16 he failed to submit a sworn declaration with his reply brief.  <u>See</u> Pl.'s Reply.  Accordingly, Plaintiff

17 cannot recover fees incurred in connection with the reply brief.  <u>See</u> <u>Jimenez v. Colvin</u>, No. 15-

18 CV-1111-DMS-MDD, slip op. at 10 (S.D. Cal. Nov. 28, 2016) (denying the plaintiff fees in

19 connection with the reply brief for failure to support the requested fees with a sworn declaration

20 as required by the Southern District's Civil Local Rules); <u>see also</u> <u>Johnson v. FCA US LLC</u>, No.

21 3:17-CV-0536-AJB-BGS, 2019 WL 3891148, at *5 (S.D. Cal. Aug. 19, 2019) (reducing an award

22 of fees for failure to follow procedures outlined in Local Rule 54.1(a)).  Accordingly, the Court

23 approves the requested 4.5 hours for filing the EAJA motion and no time for the reply.

24

25 ─────────────────

26 <u>Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to

27 reduce hours that are billed in block format.").  Because the Court finds that the reduced request of 35 hours is reasonable, the Court is not addressing counsel's block-billing but

28 counsel is warned not to bill in that fashion in the future.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees. The Court finds Plaintiff's counsel reasonably expended 56.5 hours in compensable work, consisting of 2 hours for the complaint, 15 hours for review of the AR, 35 hours for the MSJ, and 4.5 hours for the EAJA motion. At the authorized rate of $205.25 per hour, Plaintiff's reasonable attorneys' fees total $11,596.63. Defendant is ordered to pay Plaintiff $11,596.63 in EAJA fees.

**IT IS SO ORDERED.**

Dated: 3/20/2020

Hon. Barbara L. Major
United States Magistrate Judge

19cv335-BLM